E-FILED
Friday, 09 February, 2018  10:46:43 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| NATHAN BARBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 17-3233 |
| | ) |
| JOHN MILHISER, Sangamon County | ) |
| State's Attorney, BRIAN SHAW, | ) |
| Sangamon County Assistant State's | ) |
| Attorney, MICHAEL TORCHIA, | ) |
| Sangamon County Court Services Director, | ) |
| GABBY DAVID, Sangamon County | ) |
| Probation Officer, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

RICHARD MILLS, United States District Judge:

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

Section 1915A requires the Court to identify cognizable claims stated by the complaint or dismiss claims that are not cognizable. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. "[A] complaint must contain facts that are sufficient, when accepted as true, to 'state a claim to relief

1

that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted citation omitted).

Following convictions in Sangamon County Circuit Court, Plaintiff Nathan Barber is serving a sentence at the Taylorville Correctional Center. A copy of 725 ILCS 185/33 is submitted with the Plaintiff's complaint, which states:

> The Supreme Court shall pay from funds appropriated to it for this purpose 100% of all approved costs for pretrial services, including pretrial services officers, necessary support personnel, travel costs reasonably related to the delivery of pretrial services, space costs, equipment, telecommunications, postage, commodities, printing and contractual services. Costs shall be reimbursed monthly, based on a plan and budget approved by the Supreme Court. No department may be reimbursed for costs which exceed or are not provided for in the approved plan and budget. The Mandatory Arbitration Fund may be used to reimburse approved costs for pretrial services.

The Plaintiff also includes as Exhibit 2 a copy of the Order of Conditions of Bond Release entered on April 27, 2016 by the Circuit Court for the Seventh Judicial Circuit of Illinois, Sangamon County, Springfield, Illinois. One of those conditions orders the Plaintiff to cooperate with GPS monitoring. The order provides GPS monitoring is accompanied by fees of $15.00 per day and a $70.00 hook-up fee.

Another Sangamon County Circuit Court Order, which was entered on March 14, 2017, is labeled as Exhibit 3. The order notes that court previously "ordered that $2,250.00 shall be deducted from bond posted in 15CF1309 and [] be applied to pay outstanding GPS monitoring fees of $1,870.00 and such additional fees for GPS

monitoring incurred prior to resolution of this case." The order further directs the Sangamon County Circuit Clerk's office to deduct $840.00 from the Plaintiff's bond for additional fees incurred, in order to reimburse the Sangamon County Probation and Court Services Department.

Another Sangamon County Circuit Court Order, which was entered on December 19, 2016, is labeled as Exhibit 4. That order provides "defendant has incurred an additional GPS monitoring fee in the amount of $1,060.00," which shall be deducted by the Sangamon County Circuit Clerk's Office in order to reimburse the Sangamon County Probation and Court Services Department. The court further ordered that "the amount of bail in 15-CF-1309 and 16-CF-55 is reduced to $207,278.00 (10%) to apply, such that Defendant remains free on bond based on the amount of bond remaining in these matters."

In the "Relief Requested" section of the complaint, the Plaintiff seeks $10,000, which includes $4,600.00 reimbursement plus interest on the same. He also seeks any and all attorney's fees, court costs and any other appropriate damages.

The Plaintiff alleges his rights under § 1983 have been violated. However, he does not point to any particular constitutional violation. Presumably, the Plaintiff is alleging that requiring him to pay the costs associated with GPS hook-up and monitoring violates his constitutional rights. However, a claim under 725 ILCS 185/33 is not a suit under § 1983 for constitutional violations. While it expresses no

3

view on whether the Plaintiff has asserted a viable state law claim, the Court concludes that it lacks jurisdiction to consider the Plaintiff's state law claim.

Because the Plaintiff has no cognizable federal claims, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

Ergo, this case is Dismissed pursuant to 28 U.S.C § 1915A(b)(1).

The Clerk will terminate any pending motions and close this case.

ENTER: February 7, 2018

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge